IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Larry Edward Hendricks, ) | Civil Action No. 3:03-740-DCN-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **O R D E R** |
| Barry Galloway, Leroy Cartledge, ) | |
| (FNU) Curry, (FNU) Bush, Catherine ) | |
| Kendall, James Parker, Colie Rushton, ) | |
| Mary D. Anderson, (FNU) Squires, ) | |
| Barton Vincent, Gary D. Maynard, ) | |
| John Does (1-4), ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BACKGROUND

Plaintiff filed his complaint in this case on March 25, 2003 and summons were issued on March 28, 2003. Defendants filed a Motion for Summary Judgment on June 19, 2003 and the court entered an order granting defendants' Motion for Summary Judgment on February 27, 2004. Plaintiff appealed to the Fourth Circuit which Court of Appeals affirmed this Court's dismissal of the plaintiff's action on August 5, 2004. The Fourth Circuit denied the plaintiff's Petition for Rehearing en banc on September 23, 2004. The plaintiff made no additional filings in this case until November 25, 2005.

Plaintiff does not state specifically under which section of Rule 60(b) he has filed his motion. To the extent that the plaintiff's action is based on Rule 60(b)(1)(2) or (3), his action is barred by the clear reading of the rule. Rule 60(b) states that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

Order, or proceeding was entered or taken." Rule 60(b), FRCP. By the clear language of Rule 60(b), plaintiff would not be entitled to any relief under Rule 60(b)(1), (2), or (3) as his motion was filed well over one year after the order was entered by the court and over one year after the final ruling was entered by the Fourth Circuit Court of Appeals. Plaintiff's motion also does not fit the criteria set forth for relief from judgment under Rule 60(b)(4) or (5). Rule 60(b)(4) allows for relief if the judgment is found to be void which has not been alleged and is not applicable in this situation. Rule 60(b)(5) allows for relief if the judgment has been satisfied, released, or discharged by a prior judgment or otherwise vacated. It is clear that this section also would not apply to plaintiff's situation. Therefore, it appears that the plaintiff can only seek relief in this matter under Rule 60(b)(6).

Rule 60(b)(6) states that relief can be granted for "any other reason justifying relief for the operation of the judgment." Plaintiff has failed to show any reason justifying relief from the operation of the judgment. The basis for the plaintiff's motion is several cases which were decided after the final decision of his action. This is not an adequate basis for relief under Rule 60(b). As the court stated in Collins v. city of Wichita, 254 F.2d 837, 839 (10th Cir. 1958), "a change in the law or in the judicial view of an established law is not such an extraordinary circumstance which justifies relief . . . Litigation must end some time, and the fact that a court may have made a mistake in the law, when entering judgment or that there may have been a judicial change in the court's view of the law after its entry does not justify setting it aside."

Based on the above, there are no grounds to warrant relief under Rule 60 and, therefore, plaintiff's motion is **DENIED**.

**AND IT IS SO ORDERED**.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

Charleston, SC

January 18, 2006