IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Larry Edward Hendricks, #254256, | ) | |
| | ) | Civil No. 3:03-CV-740-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Barry Galloway, Leroy Cartledge, | ) | |
| (FNU) Curry, (FNU) Bush, Catherine | ) | |
| Kendall, James Parker, Colie Rushton, | ) | |
| Mary D. Anderson, (FNU) Squires, | ) | |
| Barton Vincent, Gary D. Maynard, | ) | |
| John Does (1-4), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     This matter is before the court on plaintiff's pro se motion to set aside order pursuant to Federal Rule of Civil Procedure 60(b). Defendants filed a response in opposition. For the reasons set forth below, the court denies plaintiff's motion.

## I.  BACKGROUND

     On March 25, 2003, plaintiff filed a complaint alleging, among other claims, that defendants violated his constitutional rights. On June 19, 2003, defendants filed a motion for summary judgment. On February 27, 2004, the court granted defendants' motion, and on August 5, 2004, the Fourth Circuit affirmed the judgment. On September 23, 2004, the Fourth Circuit denied plaintiff's petition for a rehearing en banc.

     On November 25, 2005, plaintiff filed a motion to set aside the court's February 27, 2004 order pursuant to Rule 60(b), arguing that a United States Supreme Court opinion and a Supreme Court of South Carolina opinion, both issued after the court's

1

order, justified the requested relief.[1]  On January 18, 2006, the court entered an order denying plaintiff's motion on the ground that the new case law was "not an adequate basis for relief under Rule 60(b)."  February 27, 2004 Order 2.

On July 9, 2010, plaintiff filed the instant motion to set aside order pursuant to Rule 60(b), once again claiming that a recent United States Supreme Court opinion justifies setting aside the court's February 27, 2004 order.  Defendants filed a response in opposition.

## II.  DISCUSSION

Rule 60(b) lists the possible grounds for relief from a final judgment, order, or proceeding:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)    any other reason that justifies relief.

---

[1]Neither court opinion was directly related to plaintiff's case.

2

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff does not identify a specific ground for relief in his motion; however, he is time-barred from asserting the grounds found at Rule 60(b)(1) - (b)(3), and subsections (b)(4) and (b)(5) are clearly inapplicable.  Thus, plaintiff's only possible ground for relief is subsection (b)(6), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"[B]efore a party may seek relief under Rule 60(b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Dowell, 993 F.2d at 48 (citing Werner, 731 F.2d at 207).  Other than establishing the fact that the Supreme Court issued an opinion in Wilkins v. Gaddy, 130 S. Ct. 1175 (2010), plaintiff has not demonstrated any of the threshold requirements above.  And even if plaintiff were able to satisfy those requirements, his motion inevitably fails on the merits.

"Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule 60(b)(6)." Dowell, 993 F.2d at 48.  "[A] change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." Id. (citing Hall v. Warden, Md. Penitentiary, 364 F.2d 495, 496 (4th Cir. 1966)).

3

> A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief.
>
> . . . .
>
> Litigation must end some time, and the fact that a court may have made a mistake in the law when entering judgment, or that there may have been some judicial change in the court's view of the law after its entry, does not justify setting it aside.

Collins v. City of Wichita, Kan., 254 F.2d 837, 839 (10th Cir. 1958) (internal citations omitted). However, a court may grant relief under that provision "if 'such action is appropriate to accomplish justice.'" Dowell, 993 F.2d at 48 (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)).

In his motion, plaintiff relies upon what he claims to be a change in substantive law. Plaintiff believes that Wilkins establishes a new precedent that provides grounds for setting aside the court's February 27, 2004 order. However, as previously stated, a change in decisional law "provides no basis for relief under Rule 60(b)(6)." Dowell, 993 F.2d at 48. Moreover, plaintiff is mistaken regarding the effect of Wilkins. In Wilkins, the Supreme Court did not change the law; it merely reversed the Fourth Circuit for failing to follow the precedent set by Hudson v. McMillan, 503 U.S. 1 (1992), precedent in existence long before plaintiff filed his initial complaint. 130 S. Ct. 1176-77.

Plaintiff has not articulated a valid ground for relief under Rule 60(b), nor has he presented circumstances compelling the court to grant relief in order "to accomplish justice." Dowell, 993 F.2d at 48. For the reasons set forth above, plaintiff's motion is hereby **DENIED.**

4

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 9, 2011**
**Charleston, South Carolina**